**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joshua Bejarano,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Aragon Agency, Inc.,<br><br>　　　　　　　Defendant. | 2:26-cv-00666-CDS-BNW<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 4)** |

Pro se plaintiff filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 4. The Court denies Plaintiff's IFP application without prejudice and with leave to refile.

**I.      LEGAL STANDARD**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately").

/ /

The District of Nevada has adopted two different applications for non-incarcerated persons: a "Short Form" (AO 240) and "Long Form" (AO 239). The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate in some manner. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. *See, e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), *report and recommendation adopted sub nom.*, *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

## II.    PLAINTIFF'S IFP APPLICATION

Plaintiff filed the Short Form and put "N/A" underneath the sections regarding assets and monthly bills. *Id*. Plaintiff does not explain how he lives with no monthly expenses. For example, Plaintiff does not explain how he pays for his basic needs such as groceries and shelter. In addition, Plaintiff did not sign the declaration in the *in forma pauperis* application. The Court cannot determine if Plaintiff qualifies for IFP status. The Court will allow Plaintiff another opportunity to show that he qualifies for IFP status. Plaintiff must submit the long form application on the Court's approved form. Plaintiff must answer all questions on the long form with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. In response to question eleven on the long form, Plaintiff must explain in detail why he cannot afford the filing fee. Plaintiff must also sign the application.

**IT IS ORDERED THAT:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4) is **DENIED** without prejudice.

2. By **May 4, 2026**, Plaintiff shall either (1) file the long form application to *proceed in forma pauperis* as specified in the Court's order or (2) Plaintiff must pay the full fee for filing a civil action.

3.  The Clerk of Court is ordered to mail a copy of the Long Form to Plaintiff.

4.  Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

DATED: April 2, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE