**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Joshua Bejarano,

                  Plaintiff,

     v.

Aragon Agency Inc.,

                  Defendant.

Case No. 2:26-cv-00666-CDS-BNW

**ORDER and REPORT AND RECOMMENDATION**

### I.      IFP Application and screening (ECF No. 6)

Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 6. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

### A.      Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.      Screening the Complaint

Plaintiff's complaint contains sparse factual allegations and is difficult to follow. *See* ECF No. 1-1. Even liberally construing Plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendant's role in the matter to state a claim.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each of the defendants' involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

### II.      Motion for Default Judgment (ECF No. 7)

This motion is premature as there is no operative complaint on the docket. This Court must first screen Plaintiff's amended complaint, should he file one, and determine that he has alleged sufficient facts to state a claim for relief. If and when that occurs, Defendant needs to

served. Only after service of process and failure to answer is a motion for default proper. As a result, this Court recommends that this motion be denied.

**I.      CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by June 8, 2026. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS RECOMMENDED** that Plaintiff's motion for default judgment (ECF No. 7) be denied as premature.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 8, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE