UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joshua Bejarano,

                    Plaintiff,

v.

Aragon Agency Inc.,

                    Defendant.

Case No. 2:26-cv-00666-CDS-BNW

**Order Accepting the Magistrate Judge's Report and Recommendation**

[ECF Nos. 7, 9]

Pro se plaintiff Joshua Bejarano filed this lawsuit against Aragon Agency Inc., alleging that Aragon Agency continued reporting an account after receiving notice from Bejarano regarding an unpaid lien. Compl., ECF No. 10. Because Bejarano applied to proceed *in forma pauperis*, ECF No. 6, U.S. Magistrate Judge Brenda Weksler screened his complaint and issued an order and report and recommendation. R&R, ECF No. 9. Therein, Judge Weksler orders the dismissal of the plaintiff's complaint without prejudice because it contains sparse factual allegations, is difficult to follow, and it fails to allege sufficient facts regarding the underlying dispute and the defendant's role therein. *Id.* at 2–3. Judge Weksler advises Bejarano that should he choose to file an amended complaint, then his original complaint will no longer serve any function. *Id.* at 2. Bejarano is advised that if he files an amended complaint, the complaint will first be screened to determine whether it alleges sufficient facts to state a claim for relief. *Id.* Judge Weksler also recommends denying Bejarano's motion for default judgment (ECF No. 7) as premature. *Id.* at 2–3.

Bejarano had until May 22, 2026, to file any objections to the magistrate's judge's findings and recommendations. ECF No. 9 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). However, the plaintiff neither objected to the R&R nor requested more time to do so, and "[n]o review is

required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

I nonetheless reviewed the magistrate judge's findings and agree with the recommendation that the plaintiff's motion for default judgment be denied as premature as there is no operative complaint at this time,[1] no clerk's default has been entered,[2] and because no defendant has been served.[3] Accordingly, I accept the R&R in full.

### Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 9] is accepted in its entirety and adopted in full**; therefore, plaintiff's motion for default judgment **[ECF No. 7] is DENIED as premature.**

As ordered by the magistrate judge, if the plaintiff wishes to amend his complaint, he must do so by June 8, 2026.[4] Further, as explained in the R&R, if Bejarano opts to file an amended complaint, the original complaint no longer serves any function in this case, so the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

Dated: June 10, 2026

_____
Cristina D. Silva
United States District Judge

---

[1] *See Davis v. Acef-Martin Folsom LLC*, 2025 U.S. Dist. LEXIS 11468, at *1 (E.D. Cal. Jan. 21, 2025) (adopting recommendation that denying request for default judgment because there was no operative complaint on file.)

[2] "A clerk's entry of default is a necessary predicate to obtaining default judgment." *Siegler v. Sorrento Therapeutics, Inc.*, 2018 WL 6303728 (S.D. Cal. Dec. 3, 2018); *see also* Fed. R. Civ. P. 55.

[3] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a … court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")

[4] The court notes that no amended complaint has been docketed to date.